UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARK H. ENSLEY | CIVIL ACTION |
| VERSUS | NO. 22-4649 |
| MICHELLE FOSTER, ET AL. | SECTION: "D"(1) |

## REPORT AND RECOMMENDATION

Plaintiff, Mark H. Ensley, a state inmate, filed this civil action against the New Orleans Metropolitan Crime Commission ("MCC"), MCC President Rafael C. Goyeneche, III, and MCC Director of Investigations Michelle Foster. In this lawsuit, plaintiff claims that the MCC took no action in response to his complaints to the organization.

Where, as here, a plaintiff seeks to invoke the jurisdiction of a federal court, he bears the burden to prove that such jurisdiction in fact exists. See, e.g., Epps v. Bexar-Medina-Atascosa Counties Water Improvement Dist. No. 1, 665 F.2d 594, 595 (5th Cir. 1982) ("[T]he party claiming federal subject matter jurisdiction bears the burden of proving it."). In addition, "[c]ourts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010); accord Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999) ("Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case. … [S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."). For the following reasons, it is clear that plaintiff has not established that federal subject-matter jurisdiction exists in this case.

"There should be little need for a reminder that federal courts are courts of limited jurisdiction, having only the authority endowed by the Constitution and that conferred by Congress." Epps, 665 F.2d at 595 (quotation marks omitted). Specifically, unless otherwise provided by statute, federal district courts have jurisdiction over: (1) federal questions arising under the Constitution, laws, or treaties of the United States ("federal question" jurisdiction); and (2) civil actions between citizens of different states or foreign nations where the amount in controversy exceeds $75,000, exclusive of interest and costs ("diversity" jurisdiction). See 28 U.S.C. §§ 1331 & 1332(a)(1). Plaintiff has not established that either type of jurisdiction exists here.

Plaintiff filed this lawsuit on the standard complaint form to be used by prisoners filing federal civil rights actions pursuant to 42 U.S.C. § 1983, thereby presumably invoking federal question jurisdiction. However, his claims simply are not cognizable under that federal statute.

In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983. Accordingly, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Here, plaintiff has not met either of those requirements.

First, no violation of a federal right has been alleged. Rather, plaintiff merely alleges that the MCC took no action in response to his complaints. However, even if that is true, that inaction was not a violation of federal law. MCC is a private organization,[1] and federal law simply does not require that such private organizations respond to citizen complaints.

Second, because MCC is a private organization, this lawsuit does not involve an action taken under color of state law. "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." American Manufacturers Mutual Insurance Co. v. Sullivan, 526 U.S. 40, 50 (1999) (internal quotation marks omitted). Moreover, "[t]he traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." West v. Atkins, 487 U.S. 42, 49 (1988) (quotation marks omitted). Here, there is no allegation that the MCC or its officers/employees act for – or pursuant to the authority of – the state.

Because plaintiff's claims are not cognizable under § 1983 for the foregoing reasons, and because no other federal cause of action is mentioned in the complaint, he has not established that federal question jurisdiction exists here.

Likewise, plaintiff has not established that diversity jurisdiction exists in this case. "The diversity statute requires 'complete diversity' of citizenship," meaning that "[a] federal court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same citizenship as any one of the defendants." Stiftung v. Plains Marketing, L.P., 603 F.3d 295, 297 (5th Cir. 2010) (quotation

---

[1] See https://metrocrime.org/aboutus/ ("The Metropolitan Crime Commission (MCC) is a non-profit 501 (c)(3), privately funded, citizens' organization dedicated to exposing public corruption and improving the administration of justice in order to improve the quality of life for the citizens of Louisiana.").

marks omitted). Here, because both plaintiff and the defendants are from Louisiana, plaintiff cannot establish that federal diversity jurisdiction exists, which, again, is a burden he bears. See Garcia v. Koch Oil Co. of Texas, Inc., 351 F.3d 636, 638 (5th Cir. 2003) ("The party seeking to invoke federal diversity jurisdiction bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000.").

Accordingly, for all of the foregoing reasons, the undersigned finds that there is no basis for federal jurisdiction in this proceeding.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 28th day of December, 2022.

_____
**JANIS VAN MEERVELD
UNITED STATES MAGISTRATE JUDGE**